UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KOIL DEMETROUS HOLDER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:21cv1376 (MPS) |
| CHRISTOPHER FRERACE, ET AL.<br>    Defendants. | :<br>:<br>: |

## INITIAL REVIEW ORDER

The plaintiff, Koil Demetrous Holder, has filed a civil rights complaint against the Putnam Police Department, Chief of Police Christopher Frerace, and the Municipality of Putnam, Connecticut. He also moves for summary judgment, for the appointment of counsel, and for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court will dismiss the complaint and deny the motions for appointment of counsel, for summary judgment, and to proceed *in forma pauperis*.

**I.**     **Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 12]**

The docket reflects that on November 1, 2021, the Court granted the plaintiff leave to proceed *in forma pauperis*. *See* ECF No. 11. Accordingly, the renewed application to proceed *in forma pauperis* is denied as moot.

**II.**     **Complaint [ECF No. 1]**

The plaintiff's allegations arise from his arrest for violating three Connecticut criminal statutes on January 5, 2021, and his arraignment on those criminal charges on February 23, 2021. ECF No. 1 at 1, 5.

    **A.**     **Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the Court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

### B.  Factual Allegations

On January 5, 2021, a Putnam police officer travelled to 76 Van Den Noort Street in Putnam, Connecticut in response to a 911 call made by an unidentified individual about a disturbance involving Hollie LaPalme. *See* ECF No. 1 at 5 ¶ 1. The 911 caller could be heard yelling during the call. *Id.* ¶ 3. When the officer arrived at Van Den Noort Street, only the 911 caller was present. *Id.*

An investigating officer, badge #617, took a statement from an intoxicated individual and the 911 caller. Neither individual signed the statement. *Id.* ¶ 2.

Connecticut Superior Court Judge Jack T. Fischer subsequently signed a warrant for the arrest of the person who had been involved in the disturbance. *Id.* ¶ 3. The warrant did not refer to the plaintiff by name or include his date of birth or social security number. *Id.* Putnam police officers subsequently arrested the plaintiff. *Id.*

On February 23, 2021, in the Connecticut Superior Court for Geographical Area 11 in Danielson, Judge Fischer arraigned the plaintiff on multiple charges including: one count of criminal trespass in the first degree in violation of Connecticut General Statutes § 53a–107, one count of disorderly conduct in violation of Connecticut General Statutes § 53a–182; and one count of criminal violation of a protection order in violation of Connecticut General Statutes § 53a–223. *Id.* at 1 ¶ 1; at 5 ¶ 4. In addition to Judge Fischer, the plaintiff identifies the following witnesses to his arraignment and the disposition of the criminal charges filed against him. State's Attorneys Carridade, Barry, and Anne F. Mahoney and Public Defenders George Flores and T.C. Edwards. *Id.* at 5 ¶ 4.

**C.     Discussion**

The complaint includes a Fourth Amendment false arrest claim and a state law defamation claim. *Id.* at 1 ¶ 1. For relief, the plaintiff seeks $250,000.00 in damages. *Id.* at 3.

The plaintiff filed this action on October 15, 2021. At that time, he was confined at Corrigan-Radgowski Correctional Correction Center in Uncasville, Connecticut. *Id.* at 3. Although the plaintiff's current address is listed on the docket as Corrigan-Radgowski Correctional Center, the State of Connecticut Department of Correction website reflects that the plaintiff is no longer confined in a Department of Correction facility. *See* http://www.ctinmateinfo.state.ct.us/searchop.asp. (Last Visited November 22, 2021) (entry of

3

either the plaintiff's first and last name or his DOC Inmate Number – 162238 – into the Department of Correction Offender Information Search program elicits the following response: No Records Meet Your Criteria).

Local Rule 83.1(c)(2) requires every *pro se* party to notify the Court if the party's mailing address changes at any time during the litigation of a case. D. Conn. L. Civ. R. 83.1(c)(2) ("Any self-represented party must provide an address where service can be made upon such party."). The Court previously made the plaintiff aware of this local rule. *See* ECF No. 11. Accordingly, the plaintiff is not in compliance with Local Rule 83.1(c)(2).

### 1.    Putnam Police Department – Fourth Amendment Claim

The plaintiff alleges that on January 5, 2021, a Putnam police officer arrived at 76 Van Den Noort Street in response to a 911 call. An investigating officer took the statements of the 911 caller and an intoxicated individual. The plaintiff does not name the arresting officers as defendants.

To state a claim under section 1983, a plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally or constitutionally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). Although the Supreme Court has held that a municipality is "to be included among those persons to whom § 1983 applies," *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal police department is not a municipality. Rather, a police department "is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function." *Reed v. Hartford Police Dep't*, No. 3:03-CV-2147 (SRU), 2004 WL 813028, at *2 (D. Conn, Apr. 6, 2004) (citation omitted). Because a municipal police department is not an

4

independent governmental entity it is not considered to be a person under section 1983. *Id.* ("Other courts addressing this issue concur that a municipal police department is not a "person" within the meaning of section 1983 and not subject to suit.") (collecting cases). All federal claims asserted against the Putman Police Department are dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### 2. Chief of Police Frerace – Fourth Amendment Claim

Other than in the captions on the first and fifth pages of the complaint, the plaintiff does not mention Chief of Police Frerace. As such, he has not alleged that Frerace violated his federally or constitutionally protected rights. The Fourth Amendment false arrest claim asserted against Chief of Police Frerace is dismissed without prejudice.[1] *See* 28 U.S.C. § 1915A(b)(1).

---

[1] The Court notes that even if the plaintiff had asserted facts to suggest the personal involvement of Chief of Police Frerace in his arrest or had named the arresting officers as defendants, it is apparent that the false arrest claim would not be plausible. The Second Circuit has held that a claim for false arrest asserted under § 1983 "to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, [is] 'substantially the same' as [a] claim[] for false arrest . . . under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (citations omitted). To state a false arrest claim under section 1983 in Connecticut, a plaintiff must not only plead facts to satisfy the elements of a false arrest under Connecticut law but must also plead facts to demonstrate "an unreasonable deprivation of liberty in violation of the Fourth Amendment." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (summary order). Under Connecticut law, "[f]alse imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another." *Pizarro v. Kasperzyk*, 596 F. Supp. 2d 314, 318 (D. Conn. 2009) (quoting *Green v. Donroe*, 186 Conn. 265, 267, 440 A.2d 973, 974 (1982)). Generally, probable cause to arrest exists when the officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007) (citations omitted). A plaintiff bringing a false arrest or false imprisonment claim under Connecticut law must have had the underlying charges terminated in his or her favor. *See Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (summary order) (noting that in *Roesch v. Otarola,* 980 F.2d 850, 853-54 (2d Cir. 1992), "this Court expressly held, invoking Connecticut law, that favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest.").

Although the plaintiff includes no facts about the outcome of the criminal case in which he was arraigned on February 23, 2021, the Court takes judicial notice of the State of Connecticut Judicial Branch website reflecting a criminal case arising from the arrest of the plaintiff by Putnam police officers on February 22, 2021 for committing the offense of criminal trespass in the first degree in violation of Connecticut General Statutes § 53a-107 on January 5, 2021, *State v. Holder*, Case No. W11D-CR21-

### 3.      Municipality of Putnam – Fourth Amendment Claim

"Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978).  To prevail on a claim against a municipality under § 1983 based on the actions of a public official, the plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). The fifth element reflects the notion that "a municipality cannot be made liable under Section 1983 for acts of its employees by application of the doctrine of *respondeat superior*." *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986).  The same standard applies to claims against police officers and other municipal employees sued in their official capacities.  *See Hafer v. Melo,* 502 U.S. 21, 25 (1991) (The claims brought against municipal employees in their official capacities are considered claims against the municipality.)

---

0185350-S.  *See Bristol v. Nassau Cnty.,* 685 F. App'x. 26, 28 (2d Cir. 2017) (summary order) (court properly took judicial notice of state court criminal proceedings, which were "self-authenticating, publicly available records") (summary order); *Kavowras v. N.Y. Times Co.,* 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings. . . .") (citations omitted).  On November 4, 2021, the plaintiff pleaded guilty to the offense and a judge sentenced him to six months of imprisonment. Information pertaining to this criminal case is available on the Judicial Branch website under Docket No. W11D-CR21-0185350-S.  *See* https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp (last visited November 22, 2021).  Because the criminal case arising from the plaintiff's arrest on February 22, 2021 for an offense that occurred on January 5, 2021 did not terminate in his favor, the claim of false arrest lacks an arguable legal basis.  *See, e.g.*, *Hawkins v. Kramer*, No. 3:18CV474(KAD), 2019 WL 2015828, at *4 n.2 (D. Conn. May 7, 2019) (noting that even if the false arrest claim arising from the plaintiff's arrest was not time-barred, "it would fail to state a claim because [the plaintiff ] has not alleged that the criminal charges terminated in his favor. . . . Indeed, he admits that he pleaded guilty to two criminal charges and 'therefore he cannot show a favorable termination of all the charges for which he was arrested as is required to sustain a claim for false arrest.'") (citing *Miles*, 445 F. App'x at 383 and quoting *Febus v. Somody*, No. 3:18-CV-00640 (JAM), 2019 WL 1763093, at *3 (D. Conn. Apr. 22, 2019).

The plaintiff asserts no facts to suggest that Putnam police officers arrested him pursuant to an unconstitutional policy or custom of the Town of Putnam. Rather, the incident that the plaintiff describes involving his arrest by an unidentified officer of the Putnam Police Department arising from a 911 call received by the Department on January 5, 2021 appears to be an isolated occurrence. *See, e.g.*, *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) ("a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy") (citation omitted); *Gainey v. Pagel*, No. 3:21CV43(SRU), 2021 WL 2400256, at *6 (D. Conn. June 11, 2021) (dismissing official capacity claims against Waterbury police officers because plaintiff "does not set forth any facts that raise a plausible inference that the police misconduct was the product of anything other than the individual actions of the officers at the scene."). Nor are there any facts asserted against Chief of Police Frerace or allegations regarding his involvement in the incidents.

Absent allegations that the conduct of one or more Putnam police officers was the result of a municipal policy or custom, the plaintiff has not stated a plausible Fourth Amendment claim under *Monell* against the Town of Putnam in its official capacity or against Chief of Police Frerace, to the extent that the plaintiff sues him in his official capacity. Accordingly, the Fourth Amendment unlawful arrest claim asserted against the Town of Putnam in its official capacity and Chief of Police Frerace in his official capacity is dismissed without prejudice. *See* 28 U.S.C.

§ 1915A(b)(1).

### 4. State Law Claim

In addition to the Fourth Amendment false arrest claim, the plaintiff asserts a state law defamation of character claim. He asserts no facts in support of this claim. Because the Court has dismissed the allegations that the defendants violated the plaintiff's Fourth Amendment rights, it declines to exercise supplemental jurisdiction over the state law defamation claim. *See* 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims it may decline to exercise supplemental jurisdiction over supplemental state law claims).

## II. Motion for Summary Judgment [ECF No. 7]
## Motion for Appointment of Counsel [ECF No. 8]

The plaintiff seeks summary judgment pursuant to Connecticut general statutes, the Connecticut Practice Book, and "ruling[s]" and "general statutes" of the United States Supreme Court for violations of his "civil rights, due process, defamation of character, illegal arrest and detainment" under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments. *Id.* at 1. A motion for summary judgment may be granted only if "there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Only two claims are asserted in the complaint: the Fourth Amendment claim and the state law defamation claim. The Court dismissed the Fourth Amendment false claim against all three defendants as lacking a plausible legal and/or factual basis and has declined to exercise supplemental jurisdiction over the state law defamation claim. The plaintiff offers no new facts in support of his Fourth Amendment claim. Thus, he has not demonstrated that he is entitled to judgment as a matter of law as to that claim.

8

The Court will not construe the motion for summary judgment as an amended complaint to add Fifth, Eighth, Ninth, and Fourteenth Amendment claims because there are no facts asserted in support of the alleged violations of these federal constitutional rights by the named defendants, the Putnam Police Department, Chief of Police Frerace, and the Municipality of Putnam. Accordingly, the motion for summary judgment is denied in all respects.

The plaintiff seeks the appointment of *pro bono* counsel. Because the Court has dismissed the complaint, the motion for appointment of counsel is denied as moot.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

**(1)** The Fourth Amendment false arrest claim asserted against the Putnam Police Department is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1) and the Fourth Amendment false arrest claim asserted against the Municipality of Putnam, Connecticut and Putnam Police Chief Frerante is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1). The Court declines to exercise supplemental jurisdiction over the state law defamation claim. *See* 28 U.S.C. § 1367(c)(3). The plaintiff may pursue this state law claim in the Connecticut Superior Court.

The Motion for Leave to Proceed *In Forma Pauperis* [**ECF No. 12**] is **DENIED** as moot. The Motion for Summary Judgment [**ECF No. 7**] and the Motion for Appointment of Counsel [**ECF No. 8**] are **DENIED**.

**(2)** The Clerk is directed to close this case. Nonetheless, if the plaintiff can correct the deficiencies identified above with regard to his Fourth Amendment false arrest claim asserted against the Municipality of Putnam and Chief of Police Frerace, he may file a motion to reopen

and an amended complaint within twenty (20) days. Any amended complaint must also be accompanied by a written notice of the plaintiff's current mailing address as required by Local Rule 83.1(c)(2).

SO ORDERED at Hartford, Connecticut this 24th day of November, 2021.

_____/s/_____
Michael P. Shea
United States District Judge